LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA 94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorney for Plaintiff,
KIMBERLY LUONG, ROCKY LUONG, and
VICKY LUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LUONG, ROCKY LUONG, and VICKY LUONG<br><br>Plaintiffs,<br><br>v.<br><br>SF CITY & COUNTY, et al.,<br><br>Defendants. | Case No.: C 11-05661 MEJ<br><br>STIPULATION [AND ORDER] PERMITTING THE FILING OF PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiffs may file their First Amended Complaint for Damages for Violation of Civil Rights, a copy of which is attached hereto and marked as Exhibit A.

IT IS FURTHER STIPULATED that defendant City and County of San Francisco only waives notice and service of said First Amended Complaint and shall not be required to answer the First Amended Complaint, and that all denials, responses, and affirmative defenses contained in the Answer filed by the Defendant City and County of San Francisco to Plaintiffs' original Complaint shall be responsive to Plaintiffs' First Amended Complaint.

//

//

///

STIPULATION [AND ORDER] RE FIRST AMENDED COMPLAINT     - 1 –

*Luong v. SF City and County, et al.*
USDC (ND) Case No.: C 11-05661 MEJ

IT IS SO STIPULATED.

Dated: 2/8/12

LAW OFFICES OF PANOS LAGOS

Panos Lagos, Esq.
Attorney for Plaintiffs
KIMBERLY LUONG,
ROCKY LUONG,
VICKY LUONG

Dated: 2/7/12

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
MARGARET W. BAUMGARTNER
Deputy City Attorney

By:
MARGARET W. BAUMGARTNER
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

### ORDER

Pursuant to the Stipulation of the parties,

IT IS ORDERED that Plaintiffs may file their First Amended Complaint for Damages for Violation of Civil Rights.

Plaintiffs' First Amended Complaint for Damages for Violation of Civil Rights shall be filed not later than March 1, 2012.

The Answer currently on file for Defendant City and County of San Francisco is hereby deemed the Answer for Defendant City and County of San Francisco to Plaintiffs' First Amended Complaint for Damages for Violation of Civil Rights.

Dated: February 13, 2012

HON. MARIA-ELENA JAMES
United States Magistrate Judge

# EXHIBIT A

LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA 94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorney for Plaintiffs,
KIMBERLEY LUONG, ROCKY LUONG,
AND VICKY LUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LUONG, ROCKY LUONG, AND VICKY LUONG,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, GREG SUHR, in his capacity as Chief of Police of the City and County of San Francisco, ALBERN CIUDAD [Badge # 214], individually and in his capacity as a Peace Officer for the City and County of San Francisco, ROBERT DUFFIELD [Badge # 510], individually and in his capacity as a Peace Officer for the City and County of San Francisco, STEPHEN PAULSEN [Badge # 1336], individually and in his capacity as a Peace Officer for the City and County of San Francisco, and DOES 1 – 200, jointly and severally,<br><br>Defendants. | Case No.: C 11-05661 MEJ<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br>**JURY TRIAL DEMANDED**<br><br>1. Violation of Civil Rights – 42 U.S.C. §1983<br>2. Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*<br>3. Violation of Civil Rights – 42 U.S.C. §1981<br>4. Violation of Civil Rights – California civil Code §51.7<br>5. Assault<br>6. Battery<br>7. Intentional Infliction of Emotional Distress<br>8. Negligence<br>9. Violation of 42 U.S.C. §1983 – Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline<br>10. Violation of Civil Rights – California Civil Code §52.1<br>11. Injunctive Relief and Declaratory Relief<br>12. False Imprisonment/False Arrest<br>13. Conspiracy |

FIRST AMENDED COMPLAINT FOR DAMAGES

*Luong v. City and County of San Francisco, et al.*
Case No.: C 11-05661 MEJ                                                                                          - 1 -

Plaintiffs alleges as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. sections 1981, 1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of California, against the City and County of San Francisco (hereinafter referred to as the "City"), the San Francisco Police Department (hereinafter referred to as the "Department"), Police Chief Greg Suhr (hereinafter referred to as "Suhr"), Police Officers Albern Ciudad (Badge #214), Robert Duffield (Badge # 510), Stephen Paulsen (Badge #1336), and fictitiously-named Defendants (individually, and in their capacities as police officers and supervisory personnel for the City).

## PARTIES

2. Plaintiff Rocky Luong is, and at all times herein mentioned was, a resident of the City and a Vietnamese male. Plaintiffs Kimberly Luong and Vicky Luong are, and at all times herein mentioned were, residents of the City and Vietnamese females. (These three individuals may also hereinafter be referred to jointly as "Plaintiffs".)

3. Defendant City is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and the Department is a duly organized agency of the City. (These two defendants may also hereinafter be referred to jointly as the "City".)

4. Defendant Suhr is the Chief of Police of the City, and is acting within the course and scope of his office. While not the Chief of Police at the time of the incident, upon information and belief, Plaintiffs allege he was privy to and an active participant in the implementation of the policies, procedures, and practices of the San Francisco Police Department which legally caused Plaintiffs.

5. At all times mentioned herein, defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 were employed as police officers for the City. Defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 are sued individually, and in their capacities as police officers for the City. By engaging in the conduct described herein, defendants Ciudad, Duffield, Paulsen, and Does 1 to

100 acted under color of law and in the course and scope of their employment for defendant City. By engaging in the conduct described herein, defendants Ciudad, Duffield, Paulsen and Does 1 to 100 exceeded the authority vested in them as police officers under the United States Constitution and as employees of the City. At all times mentioned herein, Does 101 to 200 were employed as supervisory personnel in the Department. Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the Department. By engaging in the conduct described herein, Does 101 to 200 acted under color of law and in the course and scope of their employment for defendants City. By engaging in the conduct described herein, Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the Department under the United States and California Constitutions and laws, and as employees of the City.

6. Plaintiffs are ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs are informed and believe and thereon alleges that each Doe defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiffs as set forth herein. Plaintiffs will amend this complaint to state the true names and capacities of defendants Does 1 through 200, inclusive, when they have been ascertained.

7. At all times herein mentioned each Doe defendant was the agent or employee of defendants City and Suhr, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of defendants City, Suhr, Ciudad, Duffield, and Paulsen.

## STATEMENT OF FACTS

8. On November 10, 2010, between approximately 3:30 and 4:30 p.m., San Francisco Police Officers broke down the front door of Plaintiffs' home. Officers ordered George Luong, son of Plaintiff Rocky Luong and brother to Plaintiffs Vicky and Kimberly Luong, outside and ordered him to lay face down on the landing of Plaintiffs' home.

9. Officers entered the home and searched for other occupants. While filming with a personal video camera in her home, Plaintiff, Kimberly Luong, was ordered outside with her mother. Plaintiff, Kimberly Luong, and her mother joined Plaintiffs Rocky Luong and Vicky

Luong who were standing on the public sidewalk opposite the entry to their apartment building watching as officers entered and exited their home. Plaintiff, Kimberly Luong, gave the camera to her sister, Vicky Luong who continued filming her brother and San Francisco police officers from the public sidewalk on Himmelman Place opposite their apartment landing without, in any way, interfering with the process. The Plaintiffs walked toward Pacific Avenue as George Luong was taken to a patrol car parked in front of Himmelman Place on Pacific Avenue.

10. After George Luong was placed in a patrol car and driven away, Ciudad grabbed the video camera and tried to take it away from Plaintiff, Vicky Luong. Other San Francisco Police Officers and Plaintiffs, Rocky and Kimberly Luong, grabbed the video camera to prevent the officers from illegally seizing the camera. Plaintiff, Kimberly Luong, was pushed up against a building wall. Plaintiff, Vicky Luong, let go of the camera and went to check on her sister. Vicky Luong was then thrown across Himmelman Place to the other side of the alley, was placed in handcuffs and arrested. Plaintiff Kimberly Luong walked towards her sister when an officer pushed her, said "There she pushed me," forced her to the ground, put his knee into her back, placed her in handcuffs, and arrested her. Ciudad eventually took the camera from Rocky Luong and placed him in handcuffs and ordered him to sit against a building wall. Plaintiffs remained handcuffed in the alley of Himmelman Place for approximately ten minutes until a police van arrived and transported them to the Chinatown substation. Plaintiffs' handcuffs were deliberately placed in an overly-tight fashion by Defendant officers. Plaintiffs waited at the substation for approximately four hours to be booked.

11. Defendant, Duffield, issued citations to all three Plaintiffs. Plaintiff, Rocky Luong, was cited for three misdemeanor violations of resisting arrest. Plaintiff, Vicky Luong, was cited for one misdemeanor violation of resisting arrest. Plaintiff, Kimberly Luong, was cited for a misdemeanor violation of assaulting an officer. All citations against all Plaintiffs were summarily dismissed.

12. Plaintiffs were wrongfully (excessively, unlawfully, and unnecessarily) assaulted, battered, arrested, and restrained by Ciudad, Duffield, Paulsen, and Does 1 to 100 for no excusable, just, or lawful reason and in violation of Plaintiffs' civil rights under the laws and

FIRST AMENDED COMPLAINT FOR DAMAGES

*Luong v. City and County of San Francisco, et al.*
Case No.: C 11-05661 MEJ      - 4 -

constitutions of the United States and of the State of California.

13. Plaintiffs' personal property (their camera) was seized from them by Ciudad, Duffield, Paulsen, and Does 1 to 100 for no excusable, just, or lawful reason and in violation of Plaintiffs' civil rights under the laws and Constitutions of the United States and of the State of California.

14. At all times herein mentioned, Suhr, Ciudad, Duffield, Paulsen, and Does 1 to 100 were acting within the course and scope of their employment with the City, and were acting under color of law.

15. Plaintiffs had not unlawfully physically resisted, threatened or assaulted Ciudad, Duffield, Paulsen, and Does 1 to 100 or any other police officer, while simply observing and filming their family member being taken into police custody while not, in any way, interfering, obstructing or delaying the process. The actions of defendants Ciudad, Duffield, Paulsen, and Does 1 to 200 violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California. These violations and torts were committed as a result of policies and customs of the City and the Department that were accepted and still promoted by Suhr and which constituted a deliberate indifference to the foreseeable Constitutional consequences as stated and exemplified by Plaintiffs' incident heretofore alleged.

### FIRST CAUSE OF ACTION

**(Violation of Civil Rights – 42 U.S.C. §1983)**

**(Against Defendants Ciudad, Duffield, Paulsen, and Does 1 to 200)**

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

17. In doing the acts complained of, defendants acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from the use of excessive force, which is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    b. The right to be free of unreasonable searches and seizures, and unlawful

FIRST AMENDED COMPLAINT FOR DAMAGES

Luong v. City and County of San Francisco, et al.
Case No.: C 11-05661 MEJ      - 5 -

arrest, as protected by the Fourth and Fourteenth Amendment to the United States Constitution.

c. The right to freedom of speech protected by the First Amendment to the United States Constitution.

18. As a proximate result of defendants' conduct, Plaintiffs suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Violation of Civil Rights -- 42 U.S.C. §1983 -- *Monell*)

(Against Defendants City, Suhr, Ciudad, Duffield, Paulsen, and Does 1 to 200)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

20. Defendants City, Suhr, Ciudad, Duffield, Paulsen, and Does 1 to 100, by and through their supervisory officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, and other City police officers, consisting of the use of unnecessary and excessive force against residents and false arrests of residents. Specifically, arresting residents without probable cause such as is the case of Plaintiffs, and using excessive and unnecessary force against residents such as is the case with Plaintiffs and as set forth above. Notwithstanding said notice, City, Suhr, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Ciudad, Duffield, Paulsen, Does 1 to 100 and other City police officers. This lack of adequate supervisory response by City, Suhr and Does 101 to 200 demonstrates ratification of the defendant police officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by City police officers.

21. The acts of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, as alleged herein, are the direct and proximate result of the deliberate indifference and policy and/or

practice of Defendants City, Suhr, and Does 101 to 200, to violations of the constitutional rights of citizens by defendant police officers, and other members of the Department. Defendants City, Suhr, and Does 101 to 200 have taken no action to stop the false/alleged arrests or the use of excessive force as is the case with the Plaintiffs, as set forth above. Plaintiffs' injuries and damages were foreseeable and were the proximate result of the deliberate indifference of the City, Suhr and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Violation of Civil Rights – 42 U.S.C. § 1981)**

**(Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)**

22. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

23. In committing the wrongful acts described herein, defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 engaged in the improper ethnically-motivated misuse of government power.

24. The above-described acts of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 further deprived Plaintiffs of their rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens, and to be subject to like restrictions, punishment, pains, penalties, and exactions of every kind, and to no other.

25. The conduct of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 was committed with the intent to deprive Plaintiffs of the above-described rights.

26. The wrongful conduct of defendants Ciudad, Duffield, Paulsen, Does 1 to 100 proximately resulted in Plaintiffs suffering injuries and damages as herein set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Violation of Civil Rights – California Civil Code §51.7)**

**(Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)**

27. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

28. Plaintiffs are informed and believe and thereon allege that the instant conduct was based upon a past pattern and practice of similar conduct of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 and that the conduct of Ciudad, Duffield, Paulsen, and Does 1 to 100, as described herein, was motivated by racial prejudice against the Plaintiffs. By engaging in such conduct, those defendants violated Plaintiffs' rights under California Civil Code §51.7 to be free from violence or intimidation by threat of violence committed against him/her because of his/her race, color, or ancestry.

29. Under the provisions of California Civil Code §52(b), these defendants are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000.00) in addition thereto, and for the payment of Plaintiffs' attorney's fees.

30. As a proximate result of those defendants' wrongful conduct, Plaintiffs suffered damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Assault)

**(Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)**

31. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

32. Defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 placed Plaintiffs in immediate fear of severe bodily harm by physically seizing and battering him without any just provocation or cause.

33. Plaintiffs did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

34. The conduct of those defendants proximately resulted in Plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

*Luong v. City and County of San Francisco, et al.*
Case No.: C 11-05661 MEJ

- 8 -

## SIXTH CAUSE OF ACTION

### (Battery)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

36. Defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 caused an unwanted and harmful touching of Plaintiffs' persons, resulting in physical and emotional damages.

37. Plaintiffs did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

38. The conduct of those defendants proximately resulted in Plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth,

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

40. The conduct of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiffs.

41. As a result of said defendants' conduct, as aforesaid, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## EIGHTH CAUSE OF ACTION

### (Negligence)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 200)

42. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, and oppressive conduct by defendants Ciudad, Duffield, Paulsen, and Does 1 to 200, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, defendants Ciudad, Duffield, Paulsen, and Does 1 to 200 were subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to persons in the exercise of their police duties. The conduct of those defendants as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers nor did it comply with police department procedures, and proximately caused Plaintiffs to suffer damages as herein set forth, including physical harm and severe mental and emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

(Violation of 42 U.S.C. §1983 – Negligent Selection, Training,

(Retention, Supervision, Investigation, and Discipline)

(Against City, Suhr, and Does 101 to 200)

44. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

45. Defendants City, Suhr, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 herein so as to avoid unreasonable risk of harm to persons.

46. Said defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, and other City police officers, including the use of unnecessary and excessive force against persons.

47. Notwithstanding this notice, defendants City, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by City police officers and defendants Ciudad, Duffield,

Paulsen, and Does 1 to 100.

48. Said defendants breached their duty of care to residents in that they have failed to adequately train defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, and other City police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by defendants City, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against residents, and violation of the civil rights of residents by City police officers Ciudad, Duffield, Paulsen, and Does 1 to 100.

49. The wrongful conduct of these defendants proximately resulted in Plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## TENTH CAUSE OF ACTION

### (Violation of Civil Rights – California Civil Code §52.1)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

50. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

51. The conduct of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100, as described herein violated California Civil Code §52.1 in that Ciudad, Duffield, Paulsen, and Does 1 to 100 interfered with Plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through the use of wrongful force and/or arrest.

52. As a direct and proximate result of said defendants' violation of Civil Code §52.1, Plaintiffs suffered violations of constitutional rights, and suffered damages as set forth herein.

53. Since the conduct of defendants Ciudad, Duffield, Paulsen, and Does 1 to 100 occurred in the course and scope of their employment, defendants City, and Does 101 to 200 are therefore liable to Plaintiffs pursuant to *respondeat superior*.

54. Plaintiffs are is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FIRST AMENDED COMPLAINT FOR DAMAGES

*Luong v. City and County of San Francisco, et al.*
Case No.: C 11-05661 MEJ                                                                                           - 11 -

## ELEVENTH CAUSE OF ACTION

### (Injunctive Relief and Declaratory Relief)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

55. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 of this complaint.

56. The continuing pattern, as described above, of defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of minority citizens of the City and County of San Francisco depriving minority citizens of liberty, freedom from unlawful arrest, and freedom of speech without due process of law, and depriving them of equal protection of the laws, in violation of the First, Fourth and Fourteenth amendments of the Constitution of the United States and 42 U.S.C. §1983 and in discriminating against citizens based on race or gender reflects flawed policies which are encouraged and enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of the policies, permits and encourages members of the City and County of San Francisco Police Department to restrain, batter, discriminate, and falsely imprison/arrest citizens without due process or just cause, in contravention of the Constitution of the State of California and the Constitution of the United States of America.

57. Accordingly, unless and until the relief demanded in this complaint is granted, Plaintiffs have no reason to believe that their right to privacy, to be free from false imprisonment, as well as false arrest, and criminal prosecution, equal protection, discrimination, due process and the other rights herein mentioned will continue to be threatened. Therefore, unless the relief demanded is granted, Plaintiffs will suffer serious and irreparable injury by the threat of loss of their fundamental constitutional rights.

58. Plaintiffs have no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is their only means of securing complete and adequate relief. No other remedy would offer Plaintiffs substantial and complete protection from continuation of defendants' unlawful and unconstitutional acts, policies, and practices. Plaintiffs have protectable interests that

outweigh defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (False Imprisonment/False Arrest)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

59. Plaintiffs reallege and incorporate by reference all allegations set forth in Paragraphs 1 through 56, inclusive, of this Complaint as if fully set forth herein.

60. On or about November 10, 2010, between approximately 7:30 and 8:30 p.m. Near Himmelman Place and Pacific Avenue, defendants Ciudad, Duffield, Paulsen, and Does 1-100 seized and arrested Plaintiffs (in unlawful, unnecessary, and excessive fashion), against their will and over their protests, without any warrant of arrest or any process of any kind and without any justification or cause (probable or not) to believe that Plaintiffs had committed any crime.

61. The arrest of Plaintiffs was in retaliation for their exercise of their First Amendment rights to free speech wholly lacking any probable cause for the belief that a crime had been committed by him and/or because Ciudad, Duffield, Paulsen, and Does 1-100 discriminated against Plaintiffs based upon their race.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (Conspiracy)

### (Against Defendants City, Ciudad, Duffield, Paulsen, and Does 1 to 100)

62. Plaintiffs reallege and incorporate by reference paragraphs 1 through 59 of this complaint.

63. Plaintiffs are informed and believe and thereon alleges, that, at all times pertinent hereto, defendants, and each of them, knowingly and willfully conspired and agreed among themselves to commit the wrongs upon Plaintiffs as heretofore alleged. Defendant Ciudad, Duffield, Paulsen, and Does 1-100 knew the remaining defendants would fail to sufficiently investigate his conduct and/or otherwise approve and condone his conduct.

64. Plaintiffs are informed and believe and thereon alleges that said defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of the conspiracy and mutual understanding(s) as alleged herein that violated Plaintiffs' civil rights.

65. Plaintiffs are informed and believe and thereon alleges that said defendants, and each of them, furthered their conspiracy by cooperation with or ratification and adoption of the acts of all defendants in carrying out the wrongful, tortious conduct as alleged hereinabove.

66. As a direct and proximate result of defendants' conduct as alleged herein, Plaintiffs have suffered actual, special and general damages.

67. As alleged herein, defendants and each of them, acted in a willful, wanton, deliberate, despicable, and oppressive manner with the intent to injure Plaintiffs and to cause them harm, such that punitive and exemplary damages are appropriate herein – except as to defendant City and County of San Francisco.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## CLAIM REQUIREMENT

68. Plaintiffs are required to comply with an administrative claim requirement under California law for the state claims herein made against the City and County of San Francisco and the San Francisco Police Department. Plaintiffs have complied with all such applicable requirements.

## JURY DEMAND

69. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. General damages according to proof at trial;

2. Special damages according to proof at trial;

3. Punitive damages against individual defendants Ciudad, Duffield, Paulsen, and Does 1 to 200 according to proof at trial;

4. Exemplary damages and a civil penalties for each violation against Plaintiffs of Civil Code §52.1(b), and reasonable attorney's fees, pursuant to Civil Code §52.1 (h);

5. Reasonable attorney fees pursuant to 42 U.S.C. §1988;

6. Costs of suit incurred herein;

7. Such other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: _____, 2012            LAW OFFICES OF PANOS LAGOS

_____
Panos Lagos, Esq.
Attorney for Plaintiffs,
KIMBERLY LUONG, ROCKY LUONG
and VICKY LUONG

FIRST AMENDED COMPLAINT FOR DAMAGES