UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| KIMBERLY LUONG, ROCKY LUONG, and VICKY LUONG<br><br>Plaintiffs,<br><br>v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Defendants._____/ | No. C 11-05661 MEJ<br><br>**ORDER ON MOTIONS IN LIMINE AND DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXHIBIT LIST**<br>**[Dkt. Nos. 38, 39, 40, 41, 42, 43, 52]** |

Pending before the Court are Plaintiffs' and Defendants' motions in limine (Dkt. Nos. 38-43) and Defendants' Motion to Strike Plaintiffs' Late Exhibit List (Dkt. No. 52). On February 21, 2013, the Court held a pre-trial conference in this matter, at which time it heard oral argument on the motions. The Court held a Final Pre-Trial Conference on March 21, 2013. After carefully considering the parties' arguments and cited authorities, the Court now rules as follows.

**A.     Plaintiffs' Motions in Limine**

   1.     Plaintiffs' Motion in Limine No. 1 (Dkt. No. 38)

Plaintiffs move to exclude any evidence of the circumstances surrounding the arrest of their brother, George Luong, and the underlying crime for which he was arrested on the grounds that it is irrelevant under Federal Rules of Evidence (FRE) 401 and 402 to the issue of whether excessive force was used on Plaintiffs and highly prejudicial under FRE 403. Plaintiffs argue that the undisputed evidence is that George was already arrested and sitting inside a patrol car when the officers decided to forcefully seize Plaintiffs' camcorder, detain Vicky Luong, and use force both Plaintiffs. Plaintiffs further argue that because the arrest of George Luong did not result in a conviction, there is no probative value for the jury to hear anything specifically related to his arrest, criminal charges, alleged conduct, or the observations of the officers on-scene as related to George Luong. They argue

1  that introducing this evidence would be unfairly prejudicial to Plaintiffs, would be a waste of time,
2  and may lead the jury to infer the alleged conduct of George is attributable to the Plaintiffs. Plaintiffs
3  thus move to preclude Defendants from making any reference to the details of the 9-1-1 calls
4  regarding George Luong and/or the observations of the initial arriving officers at Plaintiffs' home
5  before and after George Luong's arrest.

6  Defendants agree that evidence regarding George's criminal charges and the outcome of the
7  trial are irrelevant. However, Defendants maintain that facts known to the officers leading up to
8  Plaintiffs' arrest are relevant to the excessive force inquiry and should not be excluded. Defendants
9  argue that the 9-1-1 call that reported a stabbing, the officers' discovery of a blood-soaked shirt,
10 bloody sink, and bloody handrail at Plaintiffs' home, and the officers' arrest of Plaintiffs' brother for
11 the stabbing are all relevant to whether the officers used reasonable force to take the camera and
12 arrest Plaintiffs. They argue that such evidence will help the jury determine the severity of the
13 incident to which the officers were responding and consider whether Plaintiffs posed an immediate
14 threat of harm. In particular, Defendants assert that the responding officers' knowledge and state of
15 mind are relevant and admissible to determine the propriety of the officers' actions in effecting arrest.

17 The Court has considered the parties' arguments and **GRANTS** the motion in part and
18 **DENIES** the motion in part, as follows. Defendants may present evidence regarding facts *known* to
19 the Defendant officers at the time of their interaction with Plaintiffs, such as the nature of the 9-1-1
20 call (*i.e.*, the crime that was reported and to which they were responding) and any observations by the
21 first-responding officers (*i.e.*, those who arrested George Luong) that were actually conveyed to the
22 Defendant officers. Any information or observations of the first-responding officers that was not
23 conveyed to the Defendant officers at the time of their interaction with Plaintiffs shall be excluded.

24  2. Plaintiffs' Motion in Limine No. 2 (Dkt. No. 39)

25 Plaintiffs move to exclude any evidence that the arrest of Plaintiffs was lawful and with
26 probable cause and any reference or mention that the Court has already decided this issue in favor of
27 Defendants. Plaintiffs argue that this evidence is irrelevant to the issue of whether Defendants used

excessive force on Plaintiffs and that it "misleadingly cloaks, unnecessarily and prejudicially, the named Defendants' behavior with the Court's imprimatur." Instead, they assert that "[r]eferring to the lawfulness of the arrest or that this Court has ruled the arrest was lawful is not probative on either Plaintiffs' behavior or Defendants' behavior when committing the force used upon Plaintiffs."

In response, Defendants maintain that excluding the Court's ruling would be misleading and confusing to the jury. Instead, Defendants request that the Court instruct the jury that the officers acted lawfully in seizing the camera and arresting Plaintiffs.

The Court has considered the parties' arguments and **GRANTS** the motion in part and **DENIES** the motion in part, as follows. The Court shall instruct the jury – consistent with the model jury instruction for excessive force – that the Plaintiffs' arrest was lawful and is not at issue in this case. Final wording of the instruction shall be determined when jury instructions are settled at the close of evidence.

3. <u>Plaintiffs' Motion in Limine No. 3</u> (Dkt. No. 40)

Plaintiffs move to preclude Defendants from suggesting, mentioning, arguing, or otherwise inferring that Plaintiffs edited the video/disc taken by an unidentified neighbor. Plaintiffs initially argue that it is irrelevant to the excessive force issue and is prejudicial and likely to confuse the jury. Plaintiffs further argue that there is no evidence that Plaintiffs and/or their agents edited the video taken by the unidentified neighbor. Thus, Plaintiffs assert that, "[b]efore either arguing, mentioning, or inferring that Plaintiffs edited the unidentified neighbor's video of a portion of this incident, Defendants should be required to lay a foundation consisting of credible and substantial evidence that Plaintiffs edited the video/disc."

Defendants argue that, if the Court admits the videotape, Defendants should be permitted to cross-examine Plaintiffs' authentication testimony.

The Court has considered the parties arguments and **GRANTS** the motion in part and **DENIES** the motion in part, as follows. The Court will present a limiting instruction indicating that the entire incident was not filmed. Defendants may cross-examine Plaintiffs regarding Plaintiffs' authentication testimony, including whether Plaintiffs had any role in editing the video.

3

4. <u>Plaintiffs' Motion in Limine No. 4</u> (Dkt. No. 41)

Plaintiffs move to preclude any mention that Plaintiffs may be entitled to an award of their reasonably-incurred attorneys' fees if they prevail in this action. Defendants do not oppose this motion. Accordingly, it is **GRANTED**.

5. <u>Plaintiffs' Motion in Limine No. 5</u> (Dkt. No. 42)

Plaintiffs move to limit or exclude testimony from Defendants' expert, D.S. Cameron. Specifically, Plaintiffs move to exclude the following opinions:

1. The San Francisco officers were in fresh pursuit of Mr. George Luong for the attempted homicide of Mr. Gee. Their forced entry into the Luong residence was reasonable to apprehend a fleeing felon and prevent the destruction of evidence. (L.D. 16 – my training and experience as a police officer and supervisor for 16 years).

2. It was reasonable for the San Francisco Officers to request and then take the camcorder Ms. Kimberly Luong came out of the Luong residence holding, in that it may contain video or audio admissions regarding the attempted homicide by Mr. George Luong. (L.D. 16 – working as a police physical skills and classroom instructor and instructor trainer for 44 years).

3. The San Francisco Police Department's training, supervision and disciplinary practices meets and exceeds a reasonable standard of care and the industry standard. Their policies and procedures meet the industry standard, are in accordance with the guidelines of the International Association of Chiefs of Police and are in compliance with State and Federal statutes and reflect current case law. (My training and experience as a police officer and supervisor for 16 years – my work as an expert witness on police practices cases for the past 33 years – working as a police physical skills and classroom instructor and instructor trainer for 43 years – member of The Commission on Peace Officers Standards and Training (P.O.S.T.) subject matter expert committee on use of force and handling civil disorder – member writer of Learning Domain #20 (use of force) & #33 (person search, baton, etc.) for the P.O.S.T. basic academy – Subject matter expert question and answer panel member for the P.O.S.T. telecourse on "Handling Violent Subjects" I & II).

Defendants contend that Mr. Cameron's testimony is being proffered to rebut the same testimony from Plaintiffs' expert, Roger Clark. Defendants state that if Plaintiffs stipulate that Mr. Clark will not offer any opinion and counsel will not make any argument regarding: (1) whether a forced entry into the Luong residence was reasonable, prudent, or lawful; (2) whether requesting and taking the camcorder was reasonable, prudent, or lawful; or (3) whether the Officers' training,

4

supervision, or disciplinary oversight meets or exceeds the standard of care and industry, then Defendants will stipulate to Plaintiffs' Motion.

Reviewing the opinions from Mr. Cameron that are at issue, with respect to opinion 1 above, at the final pre-trial conference, Defendants agreed that such testimony is no longer at issue. As to opinion 2 detailed above, such opinion is irrelevant. The Court will instruct the jury that the lawfulness of Plaintiffs' arrest is not at issue in this case, as well as that the taking of the camcorder was lawful. As to opinion 3 set forth above, during the February 21, 2013 pretrial conference, Plaintiffs stipulated that Defendants may present this testimony. Accordingly, the Court **DENIES** this motion as moot.

**B.      Defendants' Motions in Limine** (Dkt. No. 43)

1.      <u>Defendants' Motion in Limine No. 1</u>

Defendants move to exclude all reference to Office of Citizen Complaints complaints, investigations, and findings relating to the officers involved in this incident, as well as reference to all other lawsuits against the officers under FRE 402, 403, 404(b), and Federal Rules of Civil Procedure 26 and 37.

Plaintiffs argue that they are entitled to present such evidence under FRE 404(b) because it shows proof of motive, intent, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Court has considered the parties' arguments and agrees with Defendants that such evidence is excluded as character evidence under Rule 404(b). The motion is thus **GRANTED**.

2.      <u>Defendants' Motion in Limine No. 2</u>

Defendants move to exclude all evidence of the legality of Plaintiffs' arrest. They argue that the Court has previously held that there was probable cause to arrest each Plaintiff and therefore Plaintiffs should not be permitted to argue that the officers lacked probable cause to arrest because it is irrelevant and unfairly prejudicial.

Plaintiffs do not oppose that request, but contend that they should be permitted to discuss or reference Plaintiffs' written citations because the citations are probative of Plaintiffs' excessive force

1  and IIED claims. They argue that the citations include the grounds for Plaintiffs' arrest and the facts
2  that support the citations are inextricably tied to the facts related to Plaintiffs' excessive force and
3  IIED claims. Particularly, Plaintiffs argue that the citations are probative of Plaintiffs' allegation that
4  the Defendant officers fabricated assault on an officer as a ground for their arrest. Defendants,
5  however, argue that discussing or referencing the citations would allow Plaintiffs to imply that the
6  arrests were in some way incomplete or without cause, thereby casting doubt on the lawfulness of
7  Plaintiffs' arrest. The Court has carefully considered the parties' arguments and agrees with
8  Defendants. The Court has previously held that the Plaintiffs' arrests were lawful, thus the citations
9  have no probative value. Moreover, referencing the citations would confuse the jury on this issue and
10 unfairly prejudice Defendants. Accordingly, Defendants' Motion is **GRANTED**.

   3.      Defendants' Motion in Limine No. 3

12 Defendants seek to preclude Plaintiffs from arguing that any of the officers did something
13 wrong by failing to perform acts – specifically, writing a separate statement to the police report and
14 making an entry into the use of force log – that the officers were not required to do. Defendants
15 argue that such evidence is unduly prejudicial under FRE 403.

16 Plaintiffs contend that evidence regarding the officers' duty to enter force data into use of
17 force logs and whether these officers fulfilled that duty is highly probative and may be used by the
18 jury to determine whether the officers attempted to cover up their use of force by failing to make such
19 entries in the use of force log, as well as to assess the officers' credibility.

20 The Court agrees with Defendants. Accordingly, the Court **GRANTS** Defendants' motion.

   4.      Defendants' Motion in Limine No. 4

22 Defendants move to exclude all evidence and argument about other instances of alleged police
23 misconduct because such evidence is irrelevant, unduly prejudicial, inadmissible character evidence,
24 hearsay, and lacks foundation.

25 Plaintiffs contend that they do not intend to introduce evidence of any alleged instances of
26 police misconduct by others that have nothing to do with this case. Plaintiffs, however, argue that
27 they have the right to mention other instances of alleged police misconduct and excessive force in

6

voir dire and/or in closing argument.

The Court **GRANTS** Defendants' motion, but will permit inquiry into such issues during voir dire.

5. <u>Defendants' Motion in Limine No. 5</u>

Defendants move to exclude all evidence of any alleged deficiency in the City's policies, practices, training, supervision, and discipline because the Court has dismissed Plaintiffs' *Monell* claim. Plaintiffs do not oppose the motion. Therefore, this motion is **GRANTED**.

6. <u>Defendants' Motion in Limine No. 6</u>

Defendants move to exclude certain opinions proffered by Plaintiffs' expert, Roger Clark, including: (1) that Plaintiffs were entitled to refuse the officers' request for the camera; (2) that struggling against handcuffs will only cause injury to the outside of the wrists; (3) that SFPD has a pattern and practice of ignoring citizen complaints and failing to discipline and/or train its officers when complaints occur; and (4) that the Ninth Circuit has written positively about Clark. Plaintiffs do not oppose Defendants' motion with respect to opinions (1) and (3), but oppose the motion with respect to opinions (2) and (4).

As to Clark's opinion about the injury caused by handcuffs, Defendants argue that Plaintiffs have proffered Mr. Clark as a police practices expert; Mr. Clark is not a biomedical or biomechanical expert. Defendants further argue that Mr. Clark stated that he had not conducted or read studies regarding handcuff injuries. Defendants thus argue that Mr. Clark is not qualified to testify about the type of injuries caused by handcuffs. Plaintiffs, however, argue that Mr. Clark's report sets forth his "substantial credentials" as a police practices expert, including years of law enforcement in both the field and training of officers. Plaintiffs thus contend that Mr. Clark is qualified as an expert under FRE 702 because he has the knowledge and experience with handcuffing thousands of suspects.

With respect to Mr. Clark's opinion that the Ninth Circuit has written positively of him, Defendants argue that this opinion is irrelevant, unduly prejudicial, an improper attempt to bolster his credibility, and unduly prejudicial. Plaintiffs respond that such testimony is admissible because it goes to his qualifications as a police practices expert.

1  The Court rules as follows. After establishing his qualifications, Mr. Clark may testify, based
2  on his experience, regarding the type of bruising or injuries that generally may occur from use of
3  handcuffs. However, the testimony regarding the Ninth Circuit writing favorably about him is
4  unfairly prejudicial and shall be excluded. Accordingly, the Court **GRANTS** the motion in part and
5  **DENIES** it in part.

6        7.      <u>Defendants' Motion in Limine No. 7</u>

7  Defendants seek to preclude Plaintiffs from introducing a video made by an anonymous
8  individual pursuant to FRE 403, 901, and 1005(b). Defendants contend that portions of the video
9  have been edited to exclude scenes capturing the actions of the Plaintiffs before the use of force, the
10 Plaintiffs' refusal to turn over the camera, and the Plaintiffs' resistance to turning over the camera.
11 They contend that the video is misleading, lacks authentication, and is not the best evidence. By only
12 showing Plaintiffs outside their house and then cutting to the part where the officers have already
13 taken Vicky into custody, Defendants argue that the video presents a distorted picture of the events
14 and will substantially affect the jury's perception of the events by focusing the viewer on the use of
15 force and away from the entire course of events. Defendants also argue that Plaintiffs have not
16 authenticated the video because the videographer and/or the video editor are unknown. Defendants
17 argue that unless Plaintiffs provide testimony from someone who knows how and why the tape was
18 created, Defendants have no way to cross-examine to inquire into bias or fraud and there is no indica
19 of trustworthiness that the video is a complete and true recording of the events. Finally, citing FRE
20 1003, Defendants argue that the video is an improper duplicate because there is a genuine question as
21 to the authenticity of the original video.

22 Plaintiffs respond that the video contains a contemporaneous recording of some of the events
23 that occurred during Plaintiffs' arrest and corroborates their deposition testimony, and is therefore
24 relevant. Plaintiffs argue that to eliminate any unfair prejudice, the Court may instruct the jury not to
25 assume that other events testified to by Defendants did not occur simply because the video did not
26 depict them. Next, Plaintiffs argue that as witnesses with knowledge of the events depicted in the
27 video, they can authenticate the video pursuant to FRE 901(b). Finally, with respect to Defendants'
28

8

challenge based on the video being a duplicate, Plaintiffs reiterate that because they can testify to the events depicted in the video, there is sufficient indicia of trustworthiness to authenticate it and FRE 1003 does not preclude the admission of the video.

The Court rules as follows. The Court will allow the video subject to the limiting instruction indicated above and proper authentication. Thus, this motion is **DENIED**.

8. <u>Defendants Motion in Limine No. 8</u>

Defendants move to exclude all evidence relating to George Luong's criminal case. Plaintiffs do not oppose the motion. Therefore, the Court **GRANTS** the motion.

**C.     Defendants' Motion to Strike Plaintiffs' Late Exhibit List** (Dkt. No. 52)

Pursuant to the Court's Case Management Order, the deadline for pretrial disclosures was February 7, 2013. Dkt. No. 16. In accordance with that deadline, on February 7, 2013, the parties submitted their Joint Pre-Trial Conference Statement, which included each party's exhibit list. Dkt. No. 45. Subsequently, on February 21, 2013, Plaintiffs filed a second exhibit list, adding: (1) five pages from an incident report; (2) two statements from officers regarding the incident report; (3) Defendants' responses to Plaintiffs' Interrogatories (Set One), and (4) excerpts from San Francisco Police Department's Basic Course Arrest and Control Manual, General Orders (including Use of Force No. 5.01), Learning Domain 20 from the Basic Course Workbook Series Student Materials. Dkt. No. 51.

Defendants now move to strike Plaintiffs' amended exhibit list on the ground that it is untimely, Plaintiffs failed to articulate any good cause for the late additions, and that allowing the newly-disclosed exhibits will prejudice Defendants because they were unable to file a motion in limine to exclude such evidence. Further, Defendants argue that the SFPD's Basic Course and Control Manual, General Order No. 5.01-Use of Force, and Learning Domain 20 are irrelevant. Plaintiffs, while acknowledging that the exhibit list is untimely, argue that with respect to the SFPD materials, such evidence is relevant to the excessive force claim. Particularly, Plaintiffs contend that evidence that the officers violated internal training, rules, and regulations is probative of excessive force.

1  The Court has considered the parties' arguments and rules as follows. Although Plaintiffs'
2 second exhibit list is untimely, the Court agrees with Plaintiffs that the SFPD materials are relevant to
3 the excessive force claim and Plaintiffs should be allowed to introduce such evidence at trial. The
4 Court will instruct the jury, however, that such evidence does not set the legal standard for the
5 reasonableness of the force used, but is merely probative. As to the remaining documents listed,
6 Defendants noted that such materials were included in its exhibit list, thus there is no prejudice
7 resulting from Plaintiffs' untimely inclusion of these exhibits on their list. The Court therefore
8 **DENIES** Defendants' Motion to Strike.

9  **IT IS SO ORDERED.**

11 Dated: March 21, 2013

_____
Maria-Elena James
United States Magistrate Judge