UNITED STATES DISTRICT COURT

Northern District of California

KIMBERLY LUONG, *et al.*,

                Plaintiffs,

   v.

SF CITY & COUNTY, *et al.*,

                Defendants.
_____/

No. C 11-05661 MEJ

**ORDER RE FIRST AMENDMENT CLAIM**

During the February 21, 2013 pre-trial conference, the parties raised an issue regarding Plaintiffs' Section 1983 claim premised on violation of the First Amendment. Plaintiffs contend that they have plead a First Amendment retaliation claim based on the Defendant Officers' reaction to Plaintiffs' verbal objections and comments during the interaction with the Officers. Defendants, however, contend that the only First Amendment-based claim that Plaintiffs plead was based on Plaintiffs' right to videotape the Officers and that Plaintiffs never asserted a First Amendment retaliation claim or alleged facts to support or otherwise suggest that they intended to proceed on such a theory. At the pre-trial conference, the Court took the matter under submission. After thoroughly reviewing the record in this case, including Plaintiffs' Second Amended Complaint, the parties' joint Case Management Statement, and the parties' summary judgment briefs, the Court agrees with Defendants that Plaintiffs failed to assert any First Amendment retaliation claim. As Defendants point out, Plaintiffs' Second Amended Complaint contains a single line asserting that Defendants deprived Plaintiffs of the right to freedom of speech under the First Amendment. Sec. Amend. Compl. at ¶ 17(c), Dkt. No. 21. The Complaint, however, does not contain facts alleging that Defendants' actions were in response to or were otherwise motivated by Plaintiffs' comments during the incident. Further, Defendants moved for summary judgment on the First Amendment claim based on the theory that Plaintiffs had a right to videotape. In their response, Plaintiffs refuted Defendants'

argument, but did not indicate that the scope of their First Amendment claim went beyond that theory to encompass a retaliation-based claim. *See* Pl. Opp. at 19-20, Dkt. No. 26. Finally, the Court's summary judgment order expressly stated that Vicky and Kimberly Luong's Section 1983 excessive force claim, as well as their state law claims for assault, battery, negligence, and IIED, were to proceed to trial, but summary judgment was granted as to each of Plaintiffs' other claims. Dkt. No. 35. If there was any dispute as to whether a First Amendment retaliation claim was in play, Plaintiffs had ample time to raise that issue before the pre-trial conference. As it stands, the Court agrees with Defendants that any First Amendment retaliation claim was not properly plead and thus Defendants were not on notice of any such claim and would be unfairly prejudiced if forced to defend it against on the eve of trial. For the above reasons, the Court further denies Plaintiffs' oral request for leave to file a motion to amend the complaint to conform to the evidence at this stage.

**IT IS SO ORDERED.**

Dated: March 22, 2013

_____
Maria-Elena James
United States Magistrate Judge