UNITED STATES DISTRICT COURT

Northern District of California

KIMBERLY LUONG,

          Plaintiff(s),

  v.

SF CITY & COUNTY,

          Defendant(s).

_____/

No. C 11-05661 MEJ

**ORDER RE DEFENDANTS' RULE 50 MOTION**

Following the close of evidence, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Under Rule 50, the Court may grant judgment as a matter of law against a party on a claim if the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on an issue essential to that claim. Having considered the parties' arguments and controlling law, the Court rules as follows:

**I.    Kimberly Luong**

    A.    Claims Against Officer Albern Ciudad

Kimberly Luong testified that Officer Ciudad never touched her or otherwise made contact with her. Thus, the Court finds that the jury has no legally sufficient evidentiary basis to find for her on the excessive force claim as to Ofc. Ciudad. Further, the Court finds that the evidence presented as to Ofc. Ciudad's conduct is not legally sufficient to rise to the level of outrageousness to sustain a claim for intentional infliction of emotional distress. The Court therefore **GRANTS** judgment in favor of Ofc. Ciudad as to Kimberly Luong on all claims.

    B.    Claims Against Officer Gary Moriyama

As to Ofc. Moriyama, Kimberly testified that he never physically touched her. The record also lacks sufficient evidence from which the jury could find that Ofc. Moriyama's conduct toward

Kimberly rose to the level of outrageousness to sustain an intentional infliction of emotional distress claim. Thus, the Court finds that the jury has no legally sufficient evidentiary basis to find for her on either the excessive force or the intentional infliction of emotional distress claims as to Ofc. Moriyama. The Court therefore **GRANTS** judgment in favor of Ofc. Moriyama as to Kimberly Luong on all claims.

### C. Claims Against Officer Sophal Chea and Sergeant Thomas Haymond

With respect to Ofc. Chea and Sgt. Haymond, the Court finds that there is evidence in the record to allow the claims to go to the jury. The Court therefore **DENIES** the Rule 50 motion as to Ofc. Chea and Sgt. Haymond with respect to Kimberly Luong's claims.

## II. Vicky Luong

### A. Claims Against Ofc. Ciudad

Vicky testified that Officer Ciudad never touched her or otherwise made contact with her. Thus, the Court finds that the jury has no legally sufficient evidentiary basis to find for her on either the excessive force or the intentional infliction of emotional distress claims as to Ofc. Ciudad. The Court therefore **GRANTS** judgment in favor of Ofc. Ciudad as to Vicky Luong on all claims.

### B. Claims Against Ofc. Chea

With respect to Ofc. Chea, Vicky offered no testimony that Ofc. Chea did anything to her physically. The record also lacks sufficient evidence from which the jury could find that Ofc. Chea's conduct toward Vicky rose to the level of outrageousness to sustain an intentional infliction of emotional distress claim. Thus, the Court finds that the jury has no legally sufficient evidentiary basis to find for her on either the excessive force or the intentional infliction of emotional distress claims as to Ofc. Chea. The Court therefore **GRANTS** judgment in favor of Ofc. Chea as to Vicky Luong on all claims.

### C. Claims Against Ofc. Moriyama and Sgt. Haymond

As to Ofc. Moriyama and Sgt. Haymond, the Court finds that there is evidence in the record to allow the claims to go to the jury as to these officers. The Court therefore **DENIES** the Rule 50 motion as to Ofc. Moriyama and Sgt. Haymond with respect to Vicky Luong's claims.

### III. Punitive Damages

The Court **DENIES** the motion as to punitive damages as to the remaining claims.

**IT IS SO ORDERED.**

Dated: March 28, 2013

_____
Maria-Elena James
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**